## McMILLAN *v.* THE STATE.

LUMPKIN, J. 1. Where the evidence for the State showed that the homicide for which the defendant was indicted was a wilful murder without provocation or assault by the deceased, and the defendant interposed no evidence, but relied on his statement, newly discovered evidence after the trial, tending to show that the deceased had made threats against the defendant, which were not shown to have been communicated to the defendant, will not require the grant of a new trial. *Warrick* v. *State,* 125 *Ga.* 133.

2. Where a motion for a continuance was made on the ground of the absence of a witness by whom it was desired to show statements on the part of a witness for the State tending to impeach his testimony, and where the court declined to continue the case, but sent for the witness and had him brought into court before the trial was concluded, and offered to allow counsel for the defense to then introduce him, which offer was declined, this furnishes no ground for a new trial.

3. Upon the arrival of such witness and its announcement pending the argument of the solicitor-general and interrupting it, the fact that the solicitor remarked, "rack him in," was not alone sufficient to require the grant of a mistrial on request. If the remark was made in such manner as to make it improper, the court might have rebuked it; but the making of it alone did not necessitate a mistrial.

4. Where the evidence of a witness showed, that after the deceased had been shot by the accused and while he was dying, and within an hour before his death, and while "in his right mind," he said that he could not get over it, and that he was not going to live, and made a statement as to the shooting and who did it, this made out a prima facie case for the admission of the dying declaration, although the same witness, in another part of his testimony, said that the wounded man was not conscious of what was going to become of him, and was not conscious of whether he was going to die or not; the witness immediately adding that he did not distinctly know what the word conscious meant. *Findley* v. *State,* 125 *Ga.* 579.

5. Under the rulings in the cases of *Darby* v. *State,* 79 *Ga.* 63, and *White* v. *State,* 100 *Ga.* 659, a dying declaration in these words, "Oh Lordy, Willie [the accused] shot me for nothing, without any cause," was not objectionable as being a statement of a conclusion rather than a fact.

6. Where the court fully and fairly instructed the jury as to dying declarations, and what was necessary to render statements by the deceased proper for their consideration as such, and submitted to them whether

the statements offered as dying declarations met the requirements of the law, it will not necessitate a new trial that he added that if the jury found that there were other declarations made by the deceased, and that at the time he made them he was not in a dying condition, "and [instead of or] was not conscious of approaching death," then they would not consider such statements in passing upon the testimony in the case. The verbal inaccuracy of using the conjunctive instead of the disjunctive, in stating what would render other declarations inadmissible, will not require a new trial, where the entire charge on the subject shows that the jury could not have been misled or have misunderstood what was requisite in order for them to consider the declarations offered as dying declarations. This is especially true where the evidence, aside from the dying declarations, made a clear case of murder.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Submitted March 18,—Decided April 9, 1907.

Indictment for murder. Before Judge Rawlings. Johnson superior court. January 19, 1907.

*V. B. Robinson* and *E. L. Stephens,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Alfred Herrington, solicitor-general,* contra.

> *Affirmed. Fish, C. J., absent. The other Justices concur.*